This Court granted Phillip Garrett's petition for a writ of certiorari to review his argument that the affirmance by the Court *Page 338 
of Criminal Appeals of his conviction conflicts with cases such as Mauldin v. State, 402 So.2d 1106 (Ala.Crim.App. 1981), on the question whether the State met its burden of proof in the admission of evidence against him. Specifically, Garrett argues that the State did not establish an unbroken chain of custody of the marijuana introduced into evidence as proof of the State's charge of unlawful distribution of a controlled substance. We find the citation to Mauldin
to be appropriate, and we also note that recent cases by this Court, particularly Ex parte Holton, 590 So.2d 918
(Ala. 1991), reaffirm the time-honored rule that demonstrative evidence will not be admitted in a criminal trial if the State does not prove an unbroken chain of custody of the evidence.
The arresting officer, Les Moore, testified that he received a bag of marijuana from Garrett, sealed it in an envelope, and locked it in his briefcase until he turned it over to Bob Williamson. Williamson, an officer with the Pike County Sheriff's Department, testified that, after he received the marijuana from Moore, he "went to Enterprise to the State Forensic Lab and turned it over." He did not identify any individual to whom he had given the marijuana. David Thorne, a forensic scientist and the supervisor of drug chemistry at the Alabama Department of Forensic Sciences laboratory in Enterprise, testified that he received the evidence marked State's Exhibit 1 "from Mark Cruise, who is also employed by our department." Mark Cruise[1] did not testify. Garrett objected that the chain of custody was not proved from Bob Williamson through Mark Cruise, but the trial court overruled the objection.[2]
This Court said in Ex parte Holton, supra:
 "The chain of custody is composed of 'links.' A 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.'. . .
 "If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a 'missing' link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the 'link,' as to one or more criteria or as to one or more links, the result is a 'weak' link. When the link is 'weak,' a question of credibility and weight is presented, not one of admissibility."
590 So.2d at 920 (citation omitted; emphasis added).
This is clearly a case of a missing link in the chain of custody. Because there was *Page 339 
no evidence at all of the identity of the person to whom Williamson gave the marijuana or the person from whom Cruise received State's Exhibit 1, the three factors regarding possession are irrelevant. There was not even circumstantial evidence of the identity or identities of that person or persons, and therefore we have no occasion to reach any question of circumstantial evidence of the handling and safekeeping of the evidence.
For the foregoing reasons, the trial court erred in admitting the evidence over Garrett's objection. The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
[1] In the record, this name is also spelled "Mark Crews," and we are unable to determine the correct spelling.
[2] The dissent points out that only the most general objection was made at the time the evidence was offered. After the exhibit was admitted, the State asked, and Thorne answered, five more questions. The State then rested. The next portion of the record is a conference out of the presence of the jury, as follows:
 "THE COURT: Let the record reflect that we are out of the hearing and presence of the jury, at the close of the State's case. State has just rested its case. Are there any motions, at this time?
 "MR. JARRELL: Yes, Sir. I would like, for one, to renew my objection to the admissibility of the marijuana as evidence.
" . . . .
 "MR. JARRELL: The chain of custody was not proven through Bob Williamson to Mark Cruise. Thorne received it from Cruise, and he has not been here to testify as to whether — what he gave to him was what Bob Williamson had previously given to him. I think the State has failed to prove . . . the proper chain of custody; that would make that marijuana inadmissible. . . .
". . . .
 "THE COURT: . . . First of all, the Court's already ruled on this point in open court. . . . The Court finds that adequate proof has been established by the State, as far as chain."
Because the court ruled on the merits of the objection rather than treating it as untimely or as too general when initially made, we shall do so also.