McMILLAN, Judge.
The appellant was convicted of two counts of vehicular homicide, in violation of *133 § 13A-6-2, Code of Alabama 1975, and one count of assault in the second degree, in violation of § 13A-6-21, Code of Alabama 1975. The appellant was sentenced to 10 years’ imprisonment on the assault conviction and to 5 years’ imprisonment on each vehicular homicide conviction, with all the sentences to run concurrently.
The appellant argues that the State failed to establish a proper chain of custody for the two vials of blood drawn from him on the morning of the incident. Specifically, he argues that there was a “missing link” in the chain of custody because there was a four-day period during which the vials were unaccounted for, after being released by an unknown person within the Alabama Department of Forensic Sciences in Dothan, until they were received by Laura Shevlin, a forensic scientist employed by the Department of Forensic Sciences in Auburn. The trial court overruled the appellant’s objections on grounds that the evidence was sealed throughout the various “interdepartmental transfers” and found that the chain of custody was properly proven.
The evidence tended to show the following: Shortly after 5:00 a.m. on July 8,1990, the appellant’s automobile collided with an automobile driven by Myrtice Guy, seriously injuring Ms. Guy and fatally injuring Ms. Guy Skinner, a passenger in the car. Scotty Norris, a passenger in the appellant’s car, was also killed. Clinton Cain, an eyewitness to the incident, was the first to arrive at the scene. He smelled alcohol in the appellant’s car and further observed that the appellant’s speech was slurred and that he had an odor of alcohol on his person. Shortly thereafter, an Elba policeman, Michael Patrick, was dispatched to the scene of the accident. He testified that he smelled an odor of intoxicating beverages on the appellant’s breath. Approximately 15 minutes after Officer Patrick’s arrival, Officer Tony Grimes arrived at the scene. He testified that he noticed that the appellant was “nervous and crying.” The appellant told Grimes that he and his friends had been out all night at the Four Sons nightclub in Opp and were going home when the accident occurred. Officer Grimes further testified that he followed the ambulance that carried the appellant to the hospital. At the hospital, the appellant consented to giving a blood sample, and he signed a consent form. At approximately 8:45 a.m., nurse Gail Jemison drew the appellant’s blood, then sealed it in a vacuum-type container and gave it to Officer Grimes. At approximately 9:17 a.m., the appellant consented to Jemison’s drawing a second sample of blood at the request of Dwight Holly, an investigator with the district attorney’s office. The second blood sample was taken to the hospital laboratory by Jemison and Holly and then given to Mark Day, an investigator with the Department of Forensic Sciences in Dothan. Mark Day testified that he collected one sealed vial of blood from Jemison and Holly, and one from Grimes and that he transported the vials to the Department of Forensic Sciences office in Dothan. Day testified that he placed the evidence, which remained sealed, in a refrigerator along with corresponding transmittal forms regarding the chain of custody of the evidence. He further testified that it was departmental policy for the evidence to remain in the refrigerator until it was shipped to the Department of Forensic Sciences office in Auburn. On voir dire examination, Day testified that he could not say, without equivocation, that he was the person who took the evidence out of the refrigerator and shipped it to Auburn, or when it was shipped to Auburn. Neither of the transmittal forms accompanying the vials were signed or initialed by the person or persons shipping the evidence. Laura Shevlin, a forensic scientist in Auburn, testified that she received the appellant’s blood samples in a sealed condition, via United Parcel Service, along with a standard transmittal form. On voir dire examination, Shevlin testified that neither of the transmittal forms for the evidence were signed. She testified that she received one vial of blood, marked as State’s exhibit 22, on July 12, 1990. She testified that, according to the transmittal form, the last date that this particular vial was signed in Dothan for accountability purposes was on *134 July 8, 1990. She further testified that although the Dothan officer packaged it for shipment on July 10, 1990, no one signed or initialed the transmittal form. Shevlin then testified that she received the second vial of blood, marked State’s exhibit 23 on July 17, 1990, after it was also shipped pursuant to an unsigned transmittal form. She further testified that the last date it was signed in Dothan for accountability purposes was on July 11, 1990. Thereafter, Shevlin testified, over strenuous objection, to the effects of the ingestion of differing amounts of ethyl alcohol on a human being.
In Ex parte Holton, 590 So.2d 918 (Ala.1991), the Alabama Supreme Court reaffirmed the rule that demonstrative evidence will not be admitted in a criminal trial if the State fails to prove an unbroken chain of custody of the evidence. In Hol-ton, the Supreme Court held:
“The chain of custody is composed of ‘links.’ A ‘link’ is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: ‘(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e. transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.’ ...
“If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a ‘missing’ link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the ‘link,’ as to one or more criteria or as to one. or more links, the result is a ‘weak’ link. When the link is ‘weak,’ a question of credibility and weight is presented, not one of admissibility.”
590 So.2d at 9220 (citation omitted; emphasis added).
Here, because there was no evidence showing the identity of the person who shipped the two vials of blood from Dothan or the person who delivered the vials of blood to the forensic scientist (Shevlin) in Auburn, the three factors discussed in Ex parte Holton, are irrelevant. Additionally, there was no circumstantial evidence as to the identity of the person or persons involved in the shipping of the evidence; hence, there is a missing link in the chain of custody of the vials of blood. See Ex parte Garrett, 608 So.2d 337 (Ala.1992); Suttle v. State, 565 So.2d 1197 (Ala.Cr.App.1990).
For the foregoing reasons, the trial court erred in admitting the evidence over the appellant’s objection. Therefore, the judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.