The appellant, Robert Gene Russaw, was convicted of two counts of distribution of a controlled substance, cocaine, in violation of § 13A-12-211, Code of Alabama 1975. On each conviction, he was sentenced to 25 years' imprisonment, the sentences to run concurrently.
The evidence presented at trial tended to show that the appellant sold crack cocaine to an undercover police officer on two separate occasions. The appellant presents four issues for review on appeal.
 I
The appellant argues that the state failed to establish an unbroken chain of custody of the cocaine received into evidence at the *Page 236 
appellant's trial. The state offered into evidence State's Exhibit Number 1, the cocaine received from the appellant in the second drug buy, and State's Exhibit Number 2, the cocaine received from the appellant in the first drug buy.
 "The chain of custody is composed of 'links.' A 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.' Imwinklereid, The Identification of Original, Real Evidence, 61 Mil. L.Rev. 145, 159 (1973).
 "If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a 'missing' link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the 'link,' as to one or more criteria or as to one or more links, the result is a 'weak' link. When the link is 'weak,' a question of credibility and weight is presented, not one of admissibility."
Ex parte Holton, 590 So.2d 918, 920 (Ala. 1991).
The appellant concedes in his brief that the chain of custody of State's Exhibit Number 1, the subject of the second drug buy, contained a "weak link" but not a "missing link." We agree. Thus the receipt of State's Exhibit Number 1 into evidence was not error.
The appellant, however, contends that there was a "missing link" in the chain of custody of State's Exhibit Number 2, the subject of the first drug buy. Officer James E. Taggart of the Tuscaloosa County Sheriff's Department testified that while working undercover in Houston County, he purchased crack cocaine (State's Exhibit Number 2) from the appellant. He then gave the cocaine to Officer Keith Gray of the Dothan Police Department. They placed the cocaine in a zip-lock bag and sealed it in a manila envelope. Officer Gray testified that he took the cocaine to the crime lab in Enterprise, Alabama, and that he gave it to a secretary there.
The next testimony regarding State's Exhibit Number 2 was from David Thorne, supervisor of drug chemistry at the Enterprise crime lab, who testified that he received State's Exhibit Number 2 from Marcus Cruse, who works with Mr. Thorne in the chemistry section of the lab. Neither the secretary who received the cocaine from Officer Gray and who was never identified, nor Mr. Cruse testified at trial. We, therefore, do not know to whom the secretary gave the cocaine to or from whom Mr. Cruse received the cocaine. Under the Holton analysis, there is a missing link in the chain of custody of State's Exhibit Number 2.
The circumstances here are similar to those in Ex parteGarrett, 608 So.2d 337 (Ala. 1992). In fact, the same employees of the crime lab who were involved in Garrett are involved in this case. In Garrett, an officer testified that he " 'went to Enterprise to the State Forensic Lab and turned [the marijuana] over.' " 608 So.2d at 338. David Thorne, who analyzed the marijuana, testified that he received it from Mr. Cruse; however, Cruse did not testify. The Alabama Supreme Court held that the state failed to establish an adequate chain of custody because there was a missing link.
For the foregoing reasons we find that the state failed to establish an adequate chain of custody of State's Exhibit Number 2. The appellant's conviction in CC-91-570 is reversed, and the cause remanded for further proceedings consistent with this opinion. The court, however, did not err in receiving State's Exhibit Number 1 into evidence. The state established an adequate chain of custody of this exhibit, which was the basis for the appellant's conviction in CC-91-569.
 II
The appellant also argues that he was denied his constitutional right to a speedy *Page 237 
trial. The appellant was arrested on May 28, 1991, and his trial began 14 months later on July 27, 1992. In determining whether the appellant's right to a speedy trial has been violated, we apply the four-pronged analysis set forth inBarker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972). We look at (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of the right to a speedy trial, and (4) the prejudice to the appellant.
"The right to a speedy trial is triggered when a warrant of arrest is issued." Vincent v. State, 607 So.2d 1290, 1292
(Ala.Cr.App. 1992). It appears that the 14-month delay in this case was not caused by the state or by the appellant The delay was caused by a crowded trial docket in the circuit court. The appellant first asserted his right to a speedy trial in August 1991. The appellant's trial took place 11 months later, during which time the trial was continued three times because although it was placed on the docket, it was not reached.
The appellant has also failed to show that the delay prejudiced him. The appellant was incarcerated while he awaited trial; however, this court has previously held that a 15-month incarceration does not substantially prejudice a defendant's rights. Kelley v. State, 568 So.2d 405 (Ala.Cr.App. 1990). He contends that his incarceration prevented him from finding witnesses who he alleges could provide him with an alibi. He has failed, however, to show that any such witnesses exist. Furthermore, his counsel could have located witnesses that the appellant felt could have aided in his defense.
The appellant was not denied his constitutional right to a speedy trial.
 III
The appellant argues that the state, in its closing argument, commented on the appellant's failure to testify at his trial. The closing arguments of the parties were not transcribed and are, therefore, unavailable for our review. The appellant did object on the record, but the court overruled the appellant's objection on the grounds that the state's comment was a reply in kind to a remark made in the appellant's closing argument. When the comment to which the appellant objected is not "set out with sufficient clarity for us to determine whether or not the comment pointed out to the jury the appellant's failure to take the stand and to testify," we will not predicate reversible error on the record in that condition. Redus v.State, 398 So.2d 757, 761 (Ala.Cr.App.), writ denied,398 So.2d 762 (Ala. 1981). See also Holder v. State, 584 So.2d 872
(Ala.Cr.App. 1991).
Because summations are not ordinarily transcribed in Alabama except in death penalty cases, Rule 19.4, A.R.Crim.P., we do not know what was said other than the specific matter objected to. We will not find reversible error where we cannot make an intelligent determination of the context of the alleged objectionable matter. Was the door opened by the opposing party? Was the comment a reply in kind? On balance we conclude that we should not reverse cases without more than this. The solution to this problem is to repeal that peculiar rule that does not require that closing arguments of counsel be recorded.
From our limited review, it appears from the conversation between the court and the attorneys that the comment made by the state's counsel was a reply in kind to an earlier argument made by defense counsel.
 IV
Last, the appellant argues that the circuit court erred in failing to give one of his requested charges to the jury. Rule 21.1, A.R.Crim.P., provides in pertinent part:
 "The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge."
(Emphasis added.)
After reviewing the appellant's requested charge and the charges that the court gave the jury, we conclude that the appellant's requested charge was substantially given in the court's oral charge to the jury. No reversible error occurred in the court's *Page 238 
failure to give the appellant's requested written charge.
The appellant's conviction in CC-91-570 is reversed and remanded for the reasons stated in Part I of this opinion. The appellant's conviction in CC-91-569 is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.