LONG, Judge.
The appellant, Rosie Lee Kennedy, was convicted of the unlawful distribution of cocaine, a violation of § 13A-12-211, Ala.Code 1975, and was sentenced to 10 years in prison, which sentence was suspended. In addition, she was sentenced to five years in prison pursuant to the “schoolyard” enhancement provisions of § 13A-12-250, Ala. Code 1975.
The evidence presented at trial tended to show that the appellant participated in the sale of crack cocaine to an undercover police officer with the Birmingham Police Department. The appellant contends that the State failed to establish an unbroken chain of custody for the cocaine that was received into evidence at trial.
Birmingham Police Officer Kiska Thomas testified that she purchased two small plastic bags containing crack cocaine from the appellant and an unidentified male on August 26, 1993. Officer Thomas stated that after the purchase, the cocaine remained in her care until she returned to the police station. Officer Thomas said that once back at the police station, she placed the cocaine inside a large evidence envelope, which she sealed, labeled with her initials and the date, and then locked in an evidence locker in the presence of the precinct sergeant.
Birmingham Police Officer Wayne Tyus testified that as soon as the cocaine was locked in the evidence locker, the precinct *1221 sergeant gave him the only key to the locker. Officer Tyus stated that he later retrieved the cocaine from the locker for delivery to the forensic sciences lab. He stated that the evidence envelope containing the cocaine was still sealed when he removed it from the locker and that he did not alter the evidence before delivering it to the lab. He testified that, at the lab, he gave the cocaine to a person whose name he believed was “Mike,” and that, at that time, he filled out a form used to indicate “who takes the narcotics, signs it off.” “Mike” did not testify at trial.
The next testimony regarding the custody of the cocaine was that of Danny Kirkpatrick, a drug chemist at the Alabama Department of Forensic Sciences lab. Although he testified that the lab received the cocaine from Officer Tyus on August 27, 1993, Kirkpatrick did not identify the person at the lab who gave the cocaine to him. Kirkpatrick stated that the evidence envelope containing the cocaine was in a sealed condition when he received it in his office. The envelope was opened in court, and Kirkpatrick identified the two small plastic bags inside. Kirkpatrick testified that he had tested the white substance inside the plastic bags and had determined that it was 0.21 grams of cocaine. The cocaine was admitted into evidence at trial over the appellant’s chain of custody objection.
The appellant asserts that there was a break in the chain of custody of the cocaine because “Mike,” the person at the forensic sciences lab to whom Officer Tyus gave the cocaine, was not identified and there was no testimony concerning “Mike’s” safeguarding or disposition of the evidence. The appellant also points out that Danny Kirkpatrick, who analyzed the cocaine, did not identify the person who gave the cocaine to him.
In Ex parte Holton, 590 So.2d 918 (Ala.1991), the Alabama Supreme Court stated:
“This opinion sets forth an analysis to be followed in deciding whether a proper chain of custody has been shown. We have held that the State must establish a chain of custody without breaks in order to lay a sufficient predicate for admission of evidence. Ex parte Williams, 548 So.2d 518, 520 (Ala.1989). Proof of this unbroken chain of custody is required in order to establish sufficient identification of the item and continuity of possession, so as to assure the authenticity of the item. Id. In order to establish a proper chain, the State must show to a ‘reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.’ McCray v. State, 548 So.2d 573, 576 (Ala.Crim.App.1988). Because the proponent of the item of demonstrative evidence has the burden of showing this reasonable probability, we require that the proof be shown on the record with regard to the various elements discussed below.
“The chain of custody is composed of ‘links.’ A ‘link’ is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: ‘(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.’ Imwinklereid, The Identification of Original, Beal Evidence, 61 Mil. L.Rev. 145, 159 (1973).
“If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a ‘missing’ link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the ‘link,’ as to one or more criteria or as to one or more links, the result is a ‘weak’ link. When the link is ‘weak,’ a question of credibility and weight is presented, not one of admissibility.”
Holton, 590 So.2d at 919-920.
Applying the Holton analysis to the facts of this case, we must conclude that there is a missing link in the chain of custody for the cocaine. Although “Mike” was not identified other than by his first name, it might readily *1222 be inferred that he was an employee at the forensic sciences lab, because Officer Tyus testified that the ordinary procedure for signing evidence into the lab was followed when he turned the cocaine over to “Mike.” However, “Mike” did not testify, and there is a complete absence of testimony concerning “Mike’s” safeguarding and disposition of the cocaine. Any uncertainty is not cured by the testimony of the next identifiable “link,” Danny Kirkpatrick, because Kirkpatrick did not identify the person who gave him the cocaine but instead only identified Officer Tyus as the person who turned the cocaine over to the lab. There is nothing in the record that might support an inference that the person Officer Tyus identified as “Mike” was, in fact, Kirkpatrick. We therefore do not know to whom “Mike” gave the cocaine or from whom Kirkpatrick received the cocaine, and there is a dearth of circumstantial evidence regarding the safeguarding and handling of the evidence between the time Officer Tyus gave the cocaine to “Mike” and the time Kirkpatrick received it for analysis.
The cii’cumstances in this case are similar to those in Ex parte Garrett, 608 So.2d 337 (Ala.1992). In Garrett, an officer testified that he went to the state forensics lab and turned the marijuana evidence over to an employee at the lab; however, he did not identify the individual to whom he gave the marijuana. The forensic scientist who analyzed the marijuana at the lab testified that he received it from a co-worker at the lab, whom he identified by name. The co-worker, however, did not testify. The Alabama Supreme Court held that there was a missing link in the chain of custody because there was no evidence as to the identity of the person to whom the officer gave the marijuana or the person from whom the forensic scientist’s co-worker had received the marijuana. See also Russaw v. State, 624 So.2d 234 (Ala.Cr.App.1993) (holding that there was a missing link in chain of custody of cocaine where police, officer testified that he gave cocaine to a secretary at the-crime lab and the supervisor of drug chemistry at the lab testified that he received cocaine from a co-worker in the chemistry section, but neither secretary nor co-worker testified at trial).
For the foregoing reasons, we find that the cocaine was erroneously admitted into evidence at trial. The appellant’s conviction is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.