The question presented in this case is whether the State sufficiently proved the chain of custody of certain evidence so as to allow the admission of that evidence. The Court of Criminal Appeals held that there was a missing link in the chain of custody and reversed the defendant's criminal conviction. Kennedy v. State, 690 So.2d 1220 (Ala.Crim.App. 1995). We hold that, based on the facts presented in this case, there was a weak link in the chain, but not a missing link; consequently, we reverse and remand.
The evidence presented at trial tended to show that the defendant Rosie Lee Kennedy participated in the sale of a substance to an undercover Birmingham police officer; that the officer testified that the substance resembled crack cocaine; and that it was offered to her by the defendant as crack cocaine. The State's evidence to authenticate and identify the cocaine was as follows: Birmingham police officer Kiska Thomas testified that she purchased from Kennedy and an unidentified male two small plastic bags containing a substance Kennedy and the other person represented to be crack cocaine; that she retained custody of the substance until she returned to the police station; that at the station she sealed the substance in a large evidence envelope and labeled it with her initials and the date; and that the envelope was then locked in an evidence locker in the presence of the precinct sergeant.
Birmingham police officer Wayne Tyus testified that the precinct sergeant gave him the only key to the locker; that he retrieved the evidence for delivery to the forensic sciences lab; that when he retrieved the evidence envelope it was still sealed and that he did not break the seal or alter the evidence; and that he delivered the sealed envelope containing the evidence to the lab, filled out the proper forms, and gave the envelope to a lab worker who he believed was named "Mike." No person named "Mike" testified at the trial.
Drug chemist Danny Kirkpatrick testified that the lab received the substance still sealed in the envelope, but he did not identify the lab worker who received the envelope. He did testify that the evidence presented by the State, in his opinion, was the same as the material he tested, which he determined during his examination to be .21 grams of cocaine.
Kennedy was convicted of the unlawful distribution of cocaine, a violation of § 13A-12-211, Ala. Code 1975. The Court of Criminal Appeals, in reversing the conviction, cited Exparte Garrett, 608 So.2d 337 (Ala. 1992), in which this Court held that there was a missing link in the chain of custody of evidence. This Court in Garrett cited and quoted from Ex parteHolton, 590 So.2d 918 (Ala. 1991), in which this Court had affirmed the judgment of the Court of Criminal Appeals holding that there was not a missing link in the chain of custody. Those two cases, which are based on similar factual situations, reached opposite conclusions, one holding that there was a missing link and one holding that there was only a weak link.
In Ex parte Holton, this Court examined the evidentiary foundation required to authenticate and identify demonstrative evidence:
 "The chain of custody is composed of 'links.' A 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and *Page 1224 
handling of the item between receipt and disposition.' Imwinklereid, The Identification of Original, Real Evidence, 61 Mil.L.Rev. 145, 159 (1973).
 "If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a 'missing' link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the 'link,' as to one or more criteria or as to one or more links, the result is a 'weak' link. When the link is 'weak,' a question of credibility and weight is presented, not one of admissibility."
590 So.2d at 920; see also Ex parte Cook, 624 So.2d 511, 513
(Ala. 1993).
This Court also stated in Ex parte Holton:
 "Proof of [an] unbroken chain of custody is required in order to establish sufficient identification of the item and continuity of possession, so as to assure the authenticity of the item. In order to establish a proper chain, the State must show to a 'reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.' . . .
". . . .
 ". . . A sealed envelope was adequate circumstantial evidence to establish the handling and safeguarding of the item . . . as authenticated."
590 So.2d at 919-20 (citations omitted).
Certain provisions of the new Alabama Rules of Evidence deal with the necessity for laying a foundation for the admission of demonstrative evidence. Although those rules were not applicable at the time of Kennedy's trial, we note that the commentary to Rule 901 states the same principles of law that are set out in the Holton opinion.[1]
In the present case, there was no direct testimony from the person receiving the evidence at the forensic lab; consequently, the chain was weakened, but it was not broken. The legal question always presented in this kind of case is whether the evidence is what it is represented to be. "The question of authenticity or proper identification is, in the first instance, for the trial judge as a preliminary matter." Commentary to Rule 901, Ala. R. Evid.[2]
Under traditional Alabama law the evidence presented on the foundational requirement does not have to be conclusive or overwhelming; rather, it must be strong enough for the question to go to the jury.[3] Based on prior Alabama law, unchanged by the new Alabama Rules of Evidence, which became *Page 1225 
effective January 1, 1996, we conclude that the State presented sufficient evidence through testimony of the police officers and the lab chemist that the substance presented at the trial as cocaine was the same substance purchased by the undercover police officer from the defendant and represented by the defendant to the police officer as cocaine; the same substance sealed in the evidence envelope by Officer Kiska; the same substance transported to and received by the forensic lab in the sealed envelope; and the same substance determined by the lab chemist to be cocaine. Stated differently, the State presented by both direct and circumstantial evidence that the substance the officer bought from the defendant was the same substance examined by the forensic examiner; therefore, there was sufficient evidence to support a finding that the substance presented at trial was what the State claimed it to be. SeeHolton, 590 So.2d at 920. It was the jury's duty to determine how much weight to give the evidence, based on the chain-of-custody evidence presented. Id.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court for an order consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.
[1] The Commentary to Rule 901, Ala.R.Evid., states:
 "The identification and authentication requirements in this rule are an integral part of logical relevancy. See J. Michael M. Adler, Real Proof, 5 Vand.L.Rev. 344, 362 (1952). Even if an item of demonstrative evidence is otherwise probative of a material issue in the case, for example, the item is admissible only if it is what the offering party claims it to be. The question of authenticity or proper identification is, in the first instance, for the trial judge as a preliminary matter. See Ala.R.Evid. 104(a). The required foundation showing must consist of evidence 'sufficient to support a finding that the matter in question is what its proponent claims.' The evidence of authentication or identification, as under prior Alabama practice, does not have to be conclusive or overwhelming; rather, it must be strong enough for the question to go to the jury. Any weaknesses in the foundational showing, insufficient to call for exclusion, go to the weight that the trier of fact is to give the evidence. See Tidwell v. State, 496 So.2d 109
(Ala.Crim.App. 1986). Even if the offering party satisfies the requirement of this rule and the evidence is admitted, after satisfaction of the present rule, the ultimate authenticity and identification remains an issue for the jury."
[2] Cf. Ala.R.Evid. 104(a), effective January 1, 1996. Also, see, the commentary to Ala.R.Evid. 901, which states that "[t]he required foundational showing must consist of evidence 'sufficient to support a finding that the matter in question is what its proponent claims.' " Ala.R.Evid. 901(a).
[3] See commentary to Ala.R.Evid. 901: "Any weaknesses in the foundational showing, insufficient to call for exclusion, go to the weight that the trier of fact is to give the evidence. SeeTidwell v. State, 496 So.2d 109 (Ala.Crim.App. 1986). Even if the offering party satisfies the requirement of this rule and the evidence is admitted, the ultimate question of authenticity and identification remains an issue for the jury."