455 So.2d 917 (1984)
Ex parte Geryl Watson WILLIS.
(Re: Geryl Watson Willis v. State of Alabama).
83-297.
Supreme Court of Alabama.
May 18, 1984.
Rehearing Denied July 6, 1984.
*918 Barry E. Teague, Montgomery, for petitioner.
Charles A. Graddick, Atty. Gen., and Richard L. Owens, Asst. Atty. Gen., for respondent.
PER CURIAM.
This case presents the following questions:
(1) Did the trial court err in allowing a prosecution witness to invoke the Fifth Amendment to the United States Constitution when she was being cross-examined by defense counsel on matters which she had testified about on direct examination?
(2) Did the trial court err in permitting the state to show evidence of a burglary of an automobile and a theft of articles from the automobile when the indictment only charged the defendant with possession of drugs?
The facts of the case are set out in the opinion of the Court of Criminal Appeals; however, petitioner, pursuant to the provisions of Rule 39(k), Ala.R.App.P., requested that court to add additional facts to the opinion, which that court refused to do. Finding those additional facts to be correctly stated, we will include them in our consideration of the issues raised by the petitioner.
*919 Briefly stated, petitioner was charged with and convicted of the unlawful possession of controlled substances. The controlled substances were found by police in Room 140 of the Matador Inn in Montgomery, where appellant was sleeping. Police had been called to the scene to investigate a complaint by a motel guest that his car had been burglarized and that a trail of blood droplets led from the car to Room 140. Before the police arrived, a young woman had come out of Room 140 "in a dazed or drunken stupor." This young woman, Monica Marie Bond, was granted immunity from prosecution and testified for the state at trial, and was a principal witness for the state.

I
We first address the question of whether the trial court erred in refusing to require the witness Bond to answer questions on cross-examination, because she invoked her right to remain silent under the provisions of the Fifth Amendment to the U.S. Constitution. The Court of Criminal Appeals found that Ms. Bond was granted immunity only with reference to the events which occurred on the night and early morning of November 10-11, 1980, which led up to the arrest of the petitioner; the Court of Criminal Appeals concluded, therefore, that Ms. Bond could invoke her privilege against self-incrimination. The petitioner cites International Bhd. of Teamsters v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971), for the proposition that "a witness cannot selectively testify on direct examination concerning material facts and then refuse to answer on the grounds of the right to remain silent when questioned about the same material facts upon cross-examination." (Emphasis added.) The state agrees with petitioner that Hatas states a correct proposition of law, but contends that it does not apply to the facts of this case.
In view of all the operative facts of this case, we conclude that the trial court erred in allowing the witness to invoke her privilege against self-incrimination. The rule in Alabama is that an accused has a right to conduct a searching cross-examination of a witness. The judgment of the Court of Criminal Appeals, 455 So.2d 914, is due to be reversed as to this aspect of the case.

II
We next address petitioner's claim that the trial court erred in permitting the state to introduce evidence of the automobile burglary. The Court of Criminal Appeals held that the evidence of the burglary was admissible because it "was all part of one continuous criminal transaction, as the blood trail from the broken window clearly led into the doorway of Room 140 and into the room itself where appellant slept, with his arm cut and bleeding, wrapped in a towel, and the sheets also contained blood of the appellant." The Court further found that there was no proper objection to the testimony, and that the error, if any, was not preserved.
Whether a proper objection to the admission of the evidence was made is disputed. Petitioner, by using Rule 39(k), asked the Court of Criminal Appeals to include in the opinion the actual objection which was made:
"MR. BUCKLEY: Your Honor, if it please the Court, I object, I think it may be prejudicial and it's certainly irrelevant. He's here in Court and the jury has been informed on what he's charged with here in Court today. It would be nothing but an attempt to bring out other charges for which he's not prosecuted."
We cannot agree with the Court of Criminal Appeals that the car burglary and the drug possession were parts of one continuous criminal transaction, thereby making the evidence admissible; therefore, we must consider whether a proper objection was made so as to preserve the error for review. The following transpired during the trial in connection with this evidence of the burglary:
"Q. Was he placed under arrest at this time, sir?

*920 "A. Yes, sir, Investigator Bill Gaines handcuffed the subject.
"Q. And what was he charged with, if you know?
"A. Well, at the time we picked him up he was(interrupted).
"MR. BUCKLEY: Your Honor, if it please the Court, I object, I think it may be prejudicial and it's certainly irrelevant. He's here in Court and the jury has been informed on what he's charged with here in Court today. It would be nothing but an attempt to bring out other charges for which he's not prosecuted.
"MR. TRAEGER: Your Honor, I merely request, they have already been performed [sic], we submit to the Court, it's nonprejudicial, they should be allowed to hear it from the arresting officer.
"THE COURT: Objection overruled.
"BY MR. TRAEGER:
"Q. What was he arrested for at this time, sir?
"A. Well, at that time we had him for Unlawful Breaking and Entering of a Vehicle, Theft of Property and then the drugs we had on him."
We believe the objection was sufficiently specific, especially in view of the fact that, as the defense attorney pointed out, the jury knew what he was charged with in the proceeding they were hearing. The defense attorney also stated that an answer to the question "would be nothing but an attempt to bring out other charges for which he's not prosecuted." The answer made to the question, in fact, does show that other charges lodged against the defendant were mentioned, thereby giving credence to the defense attorney's statement that the information the prosecutor sought to introduce into evidence was the fact that the defendant was charged with other crimes. We hold that the overruling of the objection was prejudicial error.
The rule about the admissibility of evidence of other crimes is set forth succinctly in Garner v. State, 269 Ala. 531, 114 So.2d 385 (1959):
"The general rule is that in criminal prosecutions, evidence of prior criminal acts is not admissible since the only facts to be laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, and which alone the defendant is called on to answer.
"This rule, however, is subject to some well recognized exceptions. Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, or to establish the identity of the accused (and perhaps as bearing on the issue of insanity when that defense is pleaded in the case.See `The Law of Evidence in Alabama' by Honorable J. Russell McElroy, § 61, pp. 19-20; I Wharton's `Criminal Evidence', 10th Ed. p. 156, § 41.) The authorities also recognize such an exception to show system or plan usually to identify the accused or to show intent. Wharton's, supra, p. 146, § 39. But even under the exceptions noted they or one of them is admissible only when the evidence is relevant to the crime charged. Noble v. State, 253 Ala. 519, 45 So.2d 857.
"Stated another way, the State is not permitted to give in evidence other crimes alleged to have been committed by the defendant unless they are so connected by circumstances with the particular crime charged as that proof of one fact with its circumstances has some bearing on the issue on trial other than to show in the defendant a tendency or disposition to commit the crime with which he is charged. Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847; Wigmore on Evidence, 3rd. Ed., Vol. 2, § 304."
While we recognize that the discovery of the drugs apparently resulted from an investigation being made of the automobile burglary, we cannot hold that the burglary was a part of the res gestae of the crime of drug possession. Because we find the objection to be sufficiently specific, we must reverse the judgment and *921 remand the case to the Court of Criminal Appeals.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur in part I of the opinion.
TORBERT, C.J., and MADDOX and FAULKNER, JJ., dissent.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur in part II of the opinion.
EMBRY, J., not sitting.
MADDOX, Justice (dissenting as to Part I).
I believe International Bhd. of Teamsters v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971), is applicable in this case and that the witness was properly allowed to invoke her privilege against self-incrimination; therefore, I dissent as to Part I.
In Hatas, a majority of this Court found that the questions posed to the witness there "called for testimony which ... was highly relevant and material to International's defense." In that case, the witness had testified on direct examination about how he had helped to organize a strike against Bowman Transportation Company in Birmingham. International's defense in the civil case against it was that the witness was not acting as its agent, servant, or employee. The witness was asked to answer questions regarding which, if any, of the officers of the Birmingham local he had talked to. The witness refused to answer and invoked the privilege against self-incrimination. As I read the holding of Hatas, it is that a witness who testifies on direct examination to facts material to the case cannot refuse to answer questions on cross-examination which would be highly relevant and material to the defense. Does the Hatas rule apply here? I think not. The witness here was granted limited immunity only. To require her to detail when and where she had been exposed to cocaine[1] could have been incriminating to her. In fact, the witness, after consultation with court-appointed counsel, claimed her privilege not to incriminate herself. I assume that the testimony would have been incriminating to the witness. The critical issue is whether her answer to the question would have been material to the petitioner's defense even though incriminating to her. His defense to the charge brought against him was that he did not possess the illegal drugs. The question, therefore, becomes: Would the witness's prior use of drugs have been "highly relevant and material" on the issue of whether the defendant possessed the drugs he was charged with possessing? I think not. If the witness had been required to answer the question, it probably would have been an admission on her part of past possession of illegal drugs by her, but would not have been "highly relevant and material" on the question of whether the defendant possessed the drugs in Room 140 of the Matador Inn on November 10 and 11. Had the defense been that the drug was not what the witness claimed it to be, then evidence of her past experience with the drug would have been highly relevant and material to the defense, but this was not the defense. If the defense had been that the witness herself was the one who possessed the drugs, and not the accused, then the Hatas rule would be applicable, but that was not the defense either, as I understand the facts. In fact, the witness was granted immunity only as to the particular offense about which she implicated the defendant. I recognize the rule that an accused has a right to conduct a searching cross-examination of a witness, but I believe that a witness's right not to incriminate himself must be balanced against this right of the accused. The Hatas rule states how this balance must be achieved.
I would find, therefore, that the answer called for by the question posed was not highly relevant and material to the facts the witness testified to on direct examination *922 so as to trigger application of the Hatas principle. Consequently, I would hold that the trial court did not err in allowing the witness to claim her privilege not to incriminate herself.
TORBERT, C.J., and FAULKNER, J., concur.
NOTES
[1] The actual question was: "When and where did you acquire the familiarity with cocaine?"