The appellant, Tropchy Jennings, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. The appellant was sentenced as a habitual offender to life imprisonment.
The state's evidence tended to show that an individual entered a Jr. Food Store in Headland, Alabama, on January 25, 1989, pulled out a gun, and ordered the attendant to hand over the money in the cash register. The appellant left with approximately $20.00 in cash and approximately $13.00 in food stamps. At trial, the attendant identified the appellant as the person who committed the robbery. The appellant argued at trial that he had been in the Jr. Food Store earlier that evening but that he was not the person who robbed the attendant. The appellant raises four issues on appeal.
 I
The appellant contends that he was prejudiced when the prosecution was allowed to question him concerning convictions in other states. The following occurred during the cross-examination of the appellant:
 "Q [Prosecutor]: Isn't it true that you have been convicted of the crime of Grand Larceny —
 "Mr. Clenney [Defense Counsel]: Judge, I object to this.
"The Court: What grounds?
"Mr. Clenney: Improper predicate.
"Mr. Valeska [Prosecutor]: No, sir, Judge.
"The Court: Overruled on that ground.
"Mr. Valeska: Let me ask you this.
 "Q — Isn't it true that you have been convicted of the crime of Grand Larceny, Second Degree, in the State of Florida, a crime involving moral turpitude and received a five year sentence? Isn't that true?
 "Mr. Clenney: I object. That is improper. That is not the correct way to do that.
 "The Court: Overruled on the ground of predicate, Mr. Clenney. You may proceed.
"Mr. Valeska: Yes, sir.
"Q — Isn't that true, Mr. Jenkins?
"A — No.
"Q — You deny that, under oath?
"A — Yes.
". . . .
 "Q — Do you deny that you have been convicted of the crime of moral turpitude of possession of burglary tools on April 15, 1980, in Florida, and received a year and a day on that sentence in Florida? You deny that?
"A — Yes.
". . . .
 "Q — You also deny that you were convicted of a crime involving burglary of a structure, a felony, second degree felony in Florida and received a year and a day sentence in Florida on that?
"A — Yes."
The state argues that the objection "improper predicate" was not specific enough to preserve this issue for purposes of appeal. (The appellant also argued this issue at length in his motion for new trial.) We do not agree. "The purpose of the objection rule is to give the trial court an opportunity to correct the alleged error or defect called to its attention before submission of the case to the jury." Ex parte Knight,453 So.2d 754, 756 (Ala. 1984). "The function of the objection is to signify that there is an issue of law, and to give notice of the terms of the issue." 23A C.J.S. § 1224 (1989). The objection must be specific enough to put the trial court on notice of the alleged error. See Ex parte Willis, 455 So.2d 917
(Ala. 1984).
In the instant case, defense counsel made the objection: "improper predicate." "Predicate" is defined in Random HouseDictionary of English Language (2d ed. 1987) as "[t]o found or derive, to base." Ballentine's Legal Dictionary (1969) defines predicate as "a basis or ground of action, defense, or argument." It is often used as a legal term to denote the laying of a foundation for the receiving of materials into evidence. See Traylor v. State, 565 So.2d 1224 (Ala.Cr.App. 1990). This objection, coupled with counsel's further reply *Page 542 
of, "That is improper. That is not the correct way to do that," was sufficient enough to put the court on notice of the fact that counsel was challenging the prosecutor's procedure of impeaching the appellant with evidence of prior convictions. Moreover, the court's comments imply that the trial court understood the nature of counsel's objection. It is not necessary to suggest the correct procedure to opposing counsel.
Initially we observe that any prior convictions involving moral turpitude would be admissible for impeachment purposes. See § 12-21-162, Code of Alabama 1975. In the instant case, the questions quoted above were permissible. However, once the appellant denied the prior convictions, it was incumbent on the prosecutor to prove the existence of the prior convictions. SeeTimmons v. State, 487 So.2d 975 (Ala.Cr.App. 1986). From a careful review of the record, we find that the prosecutor made no attempt to prove the prior convictions during the appellant's testimony and before the jury. (We note that the convictions were proven during the sentencing hearing, which was approximately one month after the trial, for purposes of sentencing the appellant as a habitual offender. There is absolutely no evidence that the prosecutor stood ready to prove the existence of the prior convictions at trial or indeed that he was sure of the existence of these prior convictions.) Our Supreme Court in Ex parte Peagler, 516 So.2d 1369 (Ala. 1987), faced a similar issue. They stated:
 "In Bezotte v. State, 358 So.2d 521, 525
(Ala.Cr.App. 1978), the Court of Criminal Appeals stated: 'Even though a prior conviction involving moral turpitude may be shown upon the cross-examination of a witness, this examination should be subject to the limitation that it be conducted in good faith. See 3 A.L.R.3d 965, and the cases cited therein, concerning lack of documentary proof of a prior felony conviction.'
 "In Gregath v. Bates, 359 So.2d 404
(Ala.Civ.App. 1978), Holmes, J., writing for the court, specifically addressed the same question now pending before us:
 " 'The defendant alleges as error the trial court's refusal to admit testimony which attempted to impeach a witness. Specifically, the defendant was attempting to impeach the testimony of one of the plaintiffs by showing a conviction for a crime involving moral turpitude, i.e., conspiracy to commit gambling.
 " 'The record reveals the plaintiff responded to the defendant's questions and those propounded by the court by stating he didn't know if he had been convicted of that particular offense. Defendant attempted to produce a "rap sheet" which supposedly showed the charge the plaintiff was convicted of. The trial court ruled that this was not the best evidence of such a conviction. We agree.
 " 'When a witness denies that he has been convicted of the crime, it becomes incumbent upon the impeaching party to prove the conviction. This can be done by introducing the original court record of the conviction or a certified or sworn copy. The prior conviction cannot be proven by the offering of oral testimony by the impeaching party. See Headley v. State, 51 Ala. App. 148, 283 So.2d 458 (1973).'
 "We are of the opinion that Gregath, although it was a civil case, correctly states the law of this jurisdiction. . . ."
516 So.2d at 1370-71. (Emphasis added.)
As Judge Tyson restated in Glover v. State, 474 So.2d 174
(Ala.Cr.App. 1985), " '[T]o ask a defendant whether he has had criminal convictions, without possessing a certified copy of the record, is fraught with possibilities of error. . . .' "474 So.2d at 178. We believe that the questioning of the appellant concerning prior convictions, which he denied not once but several times, so prejudiced the appellant in the eyes of the jury that he was denied a fair trial. Thus, on the authority of the above cases, this case is reversed and remanded for a new trial. In the interest of judicial economy *Page 543 
we will address the other issue raised by the appellant that may be raised in a new trial.
 II
The appellant next contends that the trial court erred in allowing a statement made by the appellant to be received into evidence. Specifically, he argues that this statement was not voluntary and thus failed to satisfy Miranda. The appellant made the following statement: "You have got me. She can identify me at the store." The evidence at trial showed that the statement was not made during any custodial interrogation. It appears from the record that when police officers went to the appellant's house and started walking with him out to the police car he made a statement to the police. It was not made in response to any questions, and the appellant was not yet under arrest. The trial court ruled that it was a spontaneous statement, and it was received into evidence.
Volunteered statements are not barred by Miranda. See Mirandav. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1629,16 L.Ed.2d 694 (1966). "An unsolicited remark, not in response to any interrogation, does not fall within the Miranda rule." Crawfordv. State, 479 So.2d 1349, 1352 (Ala.Cr.App. 1985). The appellant's statement was correctly received into evidence.
For the reasons stated in part I above, this case is reversed and remanded to the Circuit Court for Henry County for a new trial or other proceedings. Other matters presented are not addressed here, because it is unlikely that they will recur in a new trial.
REVERSED AND REMANDED.
All the Judges concur.