TAYLOR, Presiding Judge
(dissenting).
I respectfully dissent from the unpublished memorandum in this ease as to the majority’s conclusion that two issues have not been preserved for appellate review.
The majority concludes that the appellant’s objection that no proper predicate had been established for the admission of the appellant’s taped confession was not sufficiently specific to preserve that issue for appellate review. The majority’s holding conflicts with the Alabama Supreme Court’s opinion in Ex parte Works, 640 So.2d 1056 (Ala.1994), in which the court held that an objection that no proper predicate had been made preserves that issue for appeal.
As Justice Shores stated in Works:
“The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury. Jennings v. State, 588 So.2d 540, 541 (Ala.Cr.App.1991). In Jennings, the Court of Criminal Appeals held that the objection, ‘Improper predicate,’ coupled with the further response, ‘That is improper. That is not the correct way to do that,’ was sufficient to put the court on notice that the alleged error was the impeachment of the defendant with evidence of prior convictions. 588 So.2d at 541-42. In Ex parte Garrett, 608 So.2d 337, 338 (Ala.1992), we held that an evidentiary issue was properly preserved for review; the defendant had made only a general objection when the evidence was offered, but had later renewed the objection, stating further, ‘The chain of custody was not proven through Bob Williamson to Mark Cruise.’ As Judge Taylor stated in his dissent from the memorandum affirmance in this ease, ‘Defense counsel should not have to direct his opponent’s mind to the correct law the way one would thrust a beagle’s nose on a rabbit trail.’ Works v. State, 640 So.2d 1056 (Ala.Cr.App.1993) (Taylor, J., dissenting). Works’s objection *112 was sufficiently specific to put the court on notice of the alleged error in the chain of custody.”
640 So.2d at 1058. See also Wyatt v. State, 620 So.2d 77, 79 (Ala.Cr.App.1992).
This issue has been preserved for our review and should be addressed by the majority.
I further dissent from the majority’s conclusion that the appellant failed to obtain an adverse ruling from the court on his request that a witness’s prior testimony be received into evidence. The appellant sought to have the witness’s testimony introduced because, he contended, that witness was unavailable for trial. The court did not allow the testimony into evidence. Clearly, an adverse ruling was obtained, as the actions of the trial court evidence. This issue should also be addressed by the majority.