COBB, Judge,
dissenting.
I respectfully dissent from the majority’s conclusion in its unpublished memo *100 randum in this case that the issue of the admissibility of the "Tntoxilyzer 5000 logbook was not preserved for appellate review.
The record reflects that, when the prosecutor offered the logbook into evidence, defense counsel made the following objection: “Your Honor, of course, I object on the basis [of] improper predicate and not properly certified.” (R. 18.) The majority concludes that Britain’s objection was not sufficiently specific to preserve the issue and that the additional grounds of “not properly certified” was also insufficient because there were other means of “authenticating” the document to allow its admissibility.
“The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.” Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994). In Jennings v. State, 588 So.2d 540 (Ala.Cr.App.1991), this court held that the objection “improper predicate” coupled with the further response, “That is improper. That is not the correct way to do that,” was sufficient to put the court on notice that the alleged error being objected to was the impeachment of the defendant with evidence of prior convictions. 588 So.2d at 541^42. Even though I agree with the majority’s well-written explanation of the differences between the term “certification” and “authentication,” I believe the majority’s use of that distinction to arrive at its conclusion is a hyperteehnical interpretation of the law on preservation. I believe that defense counsel’s objection was sufficiently specific to put the trial judge on notice that the alleged error was the prosecution’s failure to lay a proper predicate to allow the admissibility of the intoxilyzer logbook. “Defense counsel should not have to direct his opponent’s mind to the correct law the way one would thrust a beagle’s nose on a rabbit trail.” Works v. State, 640 So.2d 1056 (Ala.Cr.App.1993) (Taylor, J., dissenting). I believe Britain’s objection was sufficiently specific to put the court on notice of the alleged error in the admissibility of the logbook; therefore, I dissent.