The appellant was convicted of trafficking in cocaine, a violation of § 13A-12-231(2)a., Ala. Code 1975, and failure to affix tax stamps, a violation of § 40-17A-4, Ala. Code 1975. The trial court sentenced him to serve concurrent terms of ten years in prison on the trafficking conviction and *Page 87 
one year in prison on the failure to affix conviction. It then split the sentence on the trafficking conviction and ordered the appellant to serve three years in prison followed by three years on probation. In addition, the trial court imposed a $50,000 fine, pursuant to §13A-12-231(2)a., Ala. Code 1975, and a $1,000 fine, pursuant to §13A-12-281, Ala. Code 1975. In an unpublished memorandum released today, we have affirmed the appellant's convictions. Smith v. State, [Ms. CR-99-1519), 814 So.2d 1019 (Ala.Crim.App. 2000) (table). In this opinion, we address the propriety of the sentence on the appellant's conviction for failure to affix tax stamps.
Section 40-17A-9(a), Ala. Code 1975, provides that failure to affix tax stamps, as defined in § 40-17A-4, Ala. Code 1975, is a Class C felony. The statutory range of punishment for a Class C felony is "not more than 10 years or less than 1 year and 1 day." § 13A-5-6(a)(3), Ala. Code 1975. The appellant's sentence of one year in prison on that conviction falls below the statutory minimum for a Class C felony. Accordingly, we remand this case to the trial court with instructions that that court resentence the appellant in accordance with §§40-17A-9(a) and 13A-5-6(a)(3), Ala. Code 1975. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion.
AFFIRMED BY MEMORANDUM IN PART; REMANDED WITH INSTRUCTIONS IN PART.
Long, P.J., and McMillan, J., concur; Cobb and Fry, JJ., concur in part and dissent in part, with opinion by Cobb, J., in which Fry, J., joins.