828 So.2d 874 (2001)
Ex parte Randolph Felease HARRIS.
(In re Randolph Felease Harris v. State of Alabama).
1992343.
Supreme Court of Alabama.
April 13, 2001.
W. Gregory Hughes, Mobile, for petitioner.
Bill Pryor, atty. gen., and Hense R. Ellis II, asst. atty. gen., for respondent.
LYONS, Justice.
Randolph Felease Harris was convicted of unlawful distribution of a controlled substance and unlawful possession of a controlled substance, in violation of § 13A-12-211 and § 13A-12-212, Ala.Code 1975, respectively. The Court of Criminal Appeals, on August 18, 2000, affirmed without an opinion. Harris v. State (No. CR-99-0496), 814 So.2d 1012 (Ala.Crim.App.2000) (table). We granted certiorari review to *875 consider whether two of Harris's objections preserved alleged error for appellate review: 1) his general objection that certain questions asked by the prosecutor on Harris's cross-examination were improper, and 2) his objection that the prosecutor had failed to demonstrate a proper chain of custody before presenting evidence of drugs allegedly belonging to Harris. We reverse the judgment of the Court of Criminal Appeals and remand the cause for further proceedings consistent with this opinion.

I.
Harris contends that the State asked improper questions that injected into the trial a suggestion of bad character and guilt by association. Harris testified on his own behalf at his trial. During his cross-examination, the following exchange occurred:
"[Prosecutor]: They were going to give you twenty dollars. You're a big dope dealer, aren't you?
"[Harris]: No, sir.
"[Prosecutor]: Isn't that why these gentlemen are out here in the courtroom?
"[Defense counsel]: Object, Your Honor.
"[Court]: Overrule.
"[Harris]: No, sir."
The Court of Criminal Appeals held that the alleged error Harris complains of was not presented to the trial court by a specific objection and, thus, was not preserved for appellate review. See McKinney v. State, 654 So.2d 95, 101 (Ala.Crim.App. 1995). The State also contends here that the issue was not preserved for appellate review, and in its appellate brief it does not address the merits of this issue. Harris argues, however, that the prosecutor's questioning was patently illegal and could not have been made legal by additional evidence and, thus, that his general objection preserved the alleged error for appellate review.
Rule 103(a), Ala.R.Evid., reads:
"(a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
"(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context...."
In Satterwhite v. State, 364 So.2d 359, 360 (Ala.1978), this Court stated:
"Although it is generally recognized that a specific objection to evidence offered is a condition precedent to appellate review, a general objection is sufficient to predicate error on appeal if the evidentiary matter to which it was addressed is patently inadmissible.... Stated differently, a general objection to admission of evidence should be sustained if the evidence is illegal for any purpose and cannot be made legal by introducing other evidence or by otherwise framing the inquiry."
The Advisory Committee's Notes to Rule 103(a)(1), Ala.R.Evid., embrace this holding: "As in prior Alabama practice, no specific ground of objection is required if the matter to which the objection or the motion to strike is addressed is patently illegal or irrelevant."
Rule 404(a), Ala.R.Evid., prohibits the prosecution from offering original evidence of the defendant's bad character to show that he acted in conformity with that character at the time he is alleged to have committed the criminal act. Rule 404 reads:
"(a) Character Evidence Generally. Evidence of a person's character or a *876 trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
"(1) Character of Accused. Evidence of character offered by an accused, or by the prosecution to rebut the same...."
The Advisory Committee's Notes to Rule 404(a) state that "the prosecution may not take the initiative to prove the accused's bad character as a basis for the jury to infer that the accused committed the now-charged crime."
The prosecutor's questioning about Harris's prior bad acts ("You're a big dope dealer, aren't you?") and about Harris's associates ("Isn't that why these gentlemen are out here in the courtroom?") violated Rule 404(a)(1) by intimating to the jury that Harris had a "bad character." Harris did not offer any character evidence on his direct examination, nor did he call any character witnesses at his trial. Thus, under the holding in Satterwhite, Harris's general objection to the questioning was sufficient to preserve the error for appellate review, because the prosecutor's questions were patently illegal and could not have been made legal.[1] See also, Rogers v. State, 34 Ala.App. 617, 42 So.2d 642 (1949) (holding that a general objection to the admission of evidence was sufficient when the evidence violated the rule that prior arrests of the accused on other charges that have no relevancy except as tending to show the accused's bad character, are not admissible); Helms v. State, 34 Ala.App. 82, 37 So.2d 229 (1948) (holding that a general objection was sufficient when the admission of the evidence violated the rule that an accused may not be asked on cross-examination about the commission of specific acts that have no relevancy except to show the accused's bad character).

II.
Harris also argues that his objection to the admission of the drugs based on his contention that the State had not shown a proper chain of custody properly preserved the alleged error for appellate review. The record reflects the following exchange between the prosecutor, defense counsel, and the expert witness, a drug chemist who testified to her analyses of the drugs:
"[Prosecutor]: From [the tests you performed,] were you able to form an opinion as to what the exhibit contains?
"[Expert witness]: Yes, I was.
"[Prosecutor]: And what is that opinion?
"[Defense counsel]: Object to any opinion at this point, Your Honor, improper predicate.
"[Court]: Overrule.
"[Prosecutor]: What is that opinion?
"[Expert witness]: In my opinion this solid material revealed the presence of the cocaine in the base form, which is commonly known as crack cocaine.
"[Prosecutor]: What was the weight of it?
"[Expert witness]: It weighed zero point zero eight [0.08] grams or zero point zero two [0.02] ounces.
"[Prosecutor]: Judge, as [sic, at] this time I would like to move to admit that exhibit into evidence. *877 "[Defense counsel]: Objection, Your Honor, on improper grounds, improper.
"[Court]: Exhibit will go into evidence. Objection overrule[d].
"[Defense counsel]: Judge, may we state it for the record?
"(FOLLOWING OUTSIDE PRESENCE OF JURY:)
"We object to the admission of the Exhibit FourNumber Four into evidence on the grounds that itno chain of custody has been established or at least an improper chain of custody has been established on the basis that the expert has identified that she got the exhibit in the form that it is now, which is a powdered form, and that's not the form in which it was taken from the Defendant. There's been no explanation for that. There's also been no testimony concerning where the item was kept in Officer Hutchins' custody and whether it was under lock and key or if anyone else had access to it."
(Emphasis added.) At the end of the State's presentation of evidence, Harris moved for a judgment of acquittal, based on his claim that the State had failed to demonstrate a proper chain of custody. The trial court denied the motion. Harris later renewed his objection to the admission of the drugs, and the trial court overruled that renewed objection.
The Court of Criminal Appeals, in its unpublished memorandum, held that the issue had not been presented to the trial court by a timely and specific objection and, thus, had not been preserved for appellate review. See Buice v. State, 574 So.2d 55, 57 (Ala.Crim.App.1990). The State, relying on the holding of the Court of Criminal Appeals, has not on this certiorari review addressed the merits of this issue. Harris, however, contends that his objections based on "improper predicate" and "improper grounds" were specific objections to the admission of the drugs. He claims that these objections, coupled with his statement on the record as to why he objected, was sufficient to preserve the alleged error for appellate review.
In Jennings v. State, 588 So.2d 540 (Ala. Crim.App.1991), the Court of Criminal Appeals held that defense counsel's objection on the grounds of "improper predicate," coupled with a further statement that what the prosecution had done was "not the correct way to do that," was sufficient to put the court on notice of defense counsel's challenge. In Jennings, the prosecutor asked the defendant about his prior convictions. The Court of Criminal Appeals stated:
"`The purpose of the objection rule is to give the trial court an opportunity to correct the alleged error or defect called to its attention before submission of the case to the jury.' Ex parte Knight, 453 So.2d 754, 756 (Ala.1984). `The function of the objection is to signify that there is an issue of law, and to give notice of the terms of the issue.' 23A C.J.S. [Objections to Evidence] § 1224 (1989). The objection must be specific enough to put the trial court on notice of the alleged error. See Ex parte Willis, 455 So.2d 917 (Ala.1984)."
Jennings, 588 So.2d at 541.
In Ex parte Works, 640 So.2d 1056 (Ala. 1994), this Court specifically adopted the holding in Jennings. In Works, defense counsel objected to the introduction of evidence, on the basis that the State had not established an unbroken chain of custody: "Judge, we would object to the introduction. There has not been a chain of custody proven where the knife has been [sic]." 640 So.2d at 1057. This Court held that Works's objection was specific and that it put the court on notice of the alleged error in the chain of custody. Also in Works, *878 this Court cited Ex parte Garrett, 608 So.2d 337, 338 (Ala.1992), for the proposition that if a defendant makes only a general objection when the evidence is offered, but later renews that objection with further statements that point out the specific basis for the objection, the defendant has properly preserved the issue for appellate review.
Here, Harris objected to the introduction of the evidence on the bases of "improper predicate" and "improper grounds." The trial court promptly ruled; immediately thereafter, outside the presence of the jury, Harris stated his objection for the record, explaining that he contended the State had not demonstrated a proper chain of custody. At the conclusion of the State's case, Harris moved for a judgment of acquittal on the basis that the State had not demonstrated a proper chain of custody of the drugs. The trial court denied the motion. Then, immediately before Harris took the stand to testify on his own behalf, he renewed his objection to the admission of the evidence; the court overruled the renewed objection. We conclude that Harris sufficiently put the court on notice as to the alleged error. Therefore, that error regarding the admission of the drugs was preserved for appellate review.

III. Conclusion

Harris's objections to the prosecutor's questions on cross-examination and his objections to the admission of evidence, based on his argument that the State had not shown a proper chain of custody, preserved the alleged errors for appellate review. Therefore, we reverse the judgment of the Court of Criminal Appeals and remand the cause for that court to consider these issues on the merits.
REVERSED AND REMANDED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in part and dissents in part, as to the rationale; and concurs in the judgment.
MOORE, Chief Justice (concurring in part and dissenting in part, as to the rationale; and concurring in the judgment).
I concur in Part II, dissent from Part I, and concur in the judgment of reversal.
Randolph Felease Harris was convicted of unlawful distribution and unlawful possession of a controlled substance, cocaine, in violation of § 13A-12-211 and § 13A-12-212, Ala.Code of 1975. The Court of Criminal Appeals affirmed the convictions, with an unpublished memorandum.
At trial, the prosecutor, during his cross-examination of Harris, suggested that Harris was "a big dope dealer" and suggested that he had certain "gentlemen... out here in the courtroom." Harris's attorney offered only a general objection to the questions in which these suggestions were made.
Before being cross-examined, Harris had not attempted, and in the course of the trial did not attempt, to prove good character, either through his testimony or through that of his witnesses. To the extent that these questions by the prosecutor implied prior bad acts by Harris, they were improper under Rule 404, Ala. R.Evid. To the extent that these questions challenged Harris's credibility, they were permissible, because Harris had placed his credibility in issue by testifying.
The Court of Criminal Appeals held that, because of the lack of specificity in Harris's objection, Harris's objection had not preserved the alleged error for appeal. I agree that the defendant was required to state his objection with more specificity in order to preserve for appellate review the alleged error in regard to the prosecutor's questions.
Rule 45, Ala.R.App.P., provides:

*879 "No judgment may be reversed or set aside ... on the ground of ... error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Even if the trial court's ruling was an error, it was harmless error. As such, it provides no basis for overturning the verdict of the jury and reversing the judgment of the trial court. Because I agree with the Court of Criminal Appeals that Harris needed to state his objection with specificity, and because the resulting error, if any, was harmless (see Rule 45), I respectfully dissent as to Part I of the main opinion.
I agree that Harris's objection regarding the chain of custody of the cocaine was sufficient to preserve for appellate review the court's alleged error in admitting the cocaine. Therefore, I concur in Part II and in the judgment reversing the judgment of the Court of Criminal Appeals.
NOTES
[1] We are not here presented with a case where the State was offering evidence of other crimes or of prior bad acts to fit within an exception to the general exclusionary rule of Rule 404(b), Ala.R.Evid., or for impeachment purposes under Rule 609(b), Ala.R.Evid. For those purposes, it would not be necessary that the defense first offered evidence of the accused's character.