LYONS, Justice.
Navada DeWayne Smith was convicted of trafficking in cocaine, a violation of § 13A-12-231(2)a„ Ala.Code 1975, and failure to affix tax stamps, a violation of § 40-17A-4, Ala.Code 1975. Smith was sentenced to serve concurrent terms of imprisonment — 10 years on the trafficking conviction and 1 year on the failure-to-affix conviction. The trial court split the sentence on the trafficking conviction and ordered that Smith serve a term of imprisonment of three years followed by three years on probation. Smith appealed. The Court of Criminal Appeals affirmed the convictions, with an unpublished memorandum, 814 So.2d 1019 (Ala.Crim.App.2000) but on the same day (September 29, 2000), it issued in the same case an opinion dealing with Smith’s sentences. With that opinion, two judges issued a special writing directed to the no-opinion memorandum affirmance of the convictions. By the opinion of September 29, 2000, the Court of Criminal Appeals remanded the case with instructions for resentencing. Smith v. State, 832 So.2d 86 (Ala.Crim.App.2000). On return to the remand, the Court of Criminal Appeals, on February 9, 2001, without an opinion, unanimously affirmed the trial court’s order resentencing Smith.
We granted certiorari review to consider Smith’s contention that his objection to testimony concerning a statement he had made to police was properly preserved for appellate review. We hold that Smith’s objection was properly preserved for appellate review; we reverse the judgment of the Court of Criminal Appeals, which *90 had held otherwise, and remand the cause for that court to address the merits of Smith’s argument that the testimony was improperly admitted.
During Smith’s trial, Jefferson County Deputy Sheriff Kirk McEwin testified that he interviewed Smith after he was arrested. Deputy McEwin testified regarding Smith’s statement:
“[Prosecutor]: ... Did you talk to [Smith]?
“[Deputy McEwin]: Yes, I did.
“Q: At some point did you read him his Miranda[2] warning?
“A: Yes, I did.
“Q: Did you tell him he had a right to a lawyer?
“A: Correct.
“Q: Did you tell him he had a right to remain silent?
“A: Correct.
“Q: Did he say he was willing to talk to you?
“A: Yes.
“Q: Did he ask for a lawyer?
“A: Yes, he did.
“Q: What did you do in response to him asking for a lawyer?
“A: He said that he want[ed] to call his attorney, Paul Phillips. And so I called him. Mr. Phillips came down to the office, spoke with Mr. Smith, and I then spoke with Mr. Smith in the presence of Mr. Phillips.
“Q: Did Mr. Smith give a statement?
“A: Yes, he did.
“Q: What was that?
“[Defense counsel]: I object. I don’t think the proper predicate has been laid.”
The Court of Criminal Appeals affirmed Smith’s conviction, stating in its unpublished memorandum that Smith’s objection made on the basis of “improper predicate” did not preserve the alleged error for appellate review. The court stated in that unpublished memorandum that Smith did not move to suppress the statement and that “the only objection he made regarding the statement was a general objection on the ground that the State had not laid a proper predicate for its admission.”
In Houston v. State, 798 So.2d 704 (Ala.Crim.App.2000), the Court of Criminal Appeals stated:
“It has long been the law that a confession is prima facie involuntary and inadmissible, and that before a confession may be admitted into evidence, the burden is upon the state to establish voluntariness and a Miranda predicate. A two-pronged test is used to determine whether an accused’s statement is admissible. First, the trial court must determine whether the accused was informed of his Miranda rights. Second, the trial court must determine whether the accused voluntarily and knowingly waived his Miranda rights before making his statement.”
(Citations omitted.) Thus, the State must establish a proper Miranda predicate before the court will allow testimony regarding a defendant’s statement to police.
In Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994), this Court held:
“ ‘Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court’s failure to act constitutes prejudicial error.... An objection [that does not specify a] ground, [an objection] such as “I object,” “objection,” or *91 “we object[,]” is not sufficient to place the trial court in error for overruling the objection.’
“Lawrence v. State, 409 So.2d 987, 989 (Ala.Crim.App.1982) (citation omitted). The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury. Jennings v. State, 588 So.2d 540, 541 (Ala.Crim.App.1991).”
Here, Smith objected to the admission of testimony concerning the statement he had made to police, on the basis of “improper predicate.” His objection required the State to establish a proper Miranda predicate. This objection was specific, and it adequately informed the trial court of the alleged error and gave the judge an opportunity to correct it before submitting „the case to the jury. Instead, the judge overruled the objection.
Smith’s objection to the testimony concerning his statement to police, made on the basis of “improper predicate,” was sufficient to preserve for appellate review the question whether the court properly admitted the evidence regarding the statement. We reverse the judgment of the Court of Criminal Appeals and remand the cause for that court to address the merits of the issue Smith raised concerning the admission of the officer’s testimony about Smith’s statement.
REVERSED AND REMANDED.
HOUSTON, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
BROWN, J., dissents.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).