After Remand from Alabama Supreme Court

McMILLAN, Presiding Judge.
The Alabama Supreme Court, in Ex parte Harris, 828 So.2d 874 (Ala.2001), reversed this Court’s decision affirming, in an unpublished memorandum, Harris’s convictions for the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Ala.Code 1975, and the unlawful possession of a controlled substance, in violation of § 13A-12-212, Ala.Code 1975. Harris v. State, 814 So.2d 1012 (Ala.Crim.App.2000) (table). Harris was sentenced to life imprisonment on the distribution conviction, and to 10 years’ imprisonment on the possession conviction, with the sentences to be served concurrently. The Supreme Court remanded the case for this Court to consider the merits of the issues raised by Harris on appeal.
I.
Harris argues that the State asked improper questions and that those questions injected into the trial a suggestion of bad character and guilt by association. Harris testified on his own behalf at trial. During cross-examination, the following exchange occurred:
“[Prosecutor]: They were going to give you $20. You’re a big dope dealer, aren’t you?
“[Harris]: No, sir.
“[Prosecutor]: Isn’t that why these gentlemen are out here in the courtroom?
“[Defense counsel]: Object, Your Honor.
“[Court]: Overrule.
“[Harris]: No, sir.”
In the unpublished memorandum, this Court held that the alleged error Harris complains of was not presented to the trial court by specific objection and, thus, that it was not preserved for appellate review. See McKinney v. State, 654 So.2d 95, 101 (Ala.Crim.App.1995).
In reversing this Court’s judgment, the Alabama Supreme Court held that the “Harris’s general objection to the ques *881 tioning was sufficient to preserve the error for appellate review, because the prosecutor’s questions were patently illegal and could not have been made legal.” 828 So.2d 876. The Supreme Court further stated that Harris had not offered character evidence on direct examination and had not offered any character witnesses. The Alabama Supreme Court further stated in footnote 1 in its opinion that the State was not offering evidence of other crimes or of prior bad acts that would fit within an exception to the general exclusionary rule of Rule 404(b), Ala.R.Evid., or for impeachment purposes under Rule 609(b), Ala.R.Evid.; thus, it concluded, the prosecutor’s line of questioning violated Rule 404(a)(1). 828 So.2d 876.
Although this comment by the prosecutor was, based on the Alabama Supreme Court’s holding that it was patently inadmissible, improper and erroneous, it does not require an automatic reversal of the appellant’s conviction. Rule 45, Ala. R.App.P., provides:
“No judgment may be reversed or set aside, nor new trial granted in any ... criminal case on the ground of misdirection of the jury, ... or the improper admission ... of evidence ..., unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
In Seritt v. State, 647 So.2d 1, 5-6 (Ala.Crim.App.1994), the appellant alleged as error the prosecutor’s statement that “we already know he’s a killer.” He argued that the statement was an improper reference to the appellant’s prior murder conviction and he alleged it was made only to prejudice the jury against him. In holding that this evidence “did not so in-feet the trial with unfairness as to require reversal,” id. at 6, this Court stated:
“Even if the prosecutor’s remark had been impermissible, we fail to see how it prejudiced the jury so as to require reversal. A prosecutor’s remark requires reversal only ‘if the remark “so infected the trial with unfairness as to make the resulting conviction a denial of due process.” ’ Davis v. State, 494 So.2d 851, [853] (Ala.Crim.App.1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)).”
Id. at 5. “The assessment of whether an improper comment is eradicable must be made on a case-by-case basis in light of all that occurred at trial. Stain v. State, 273 Ala. 262, 138 So.2d 703 (1961).” Ex parte Wilhite, 485 So.2d 787, 788 (Ala.1986) (wherein the prosecutor had referred to the appellant as a “drunk dope addict”). “If it can be said with fair assurance ‘that the error did not influence the jury, or had but a very slight effect, the verdict and judgment should stand.’ Stain, 273 Ala. at 266, 138 So.2d at 706.” Ex parte Wilhite, supra, at 788.
Thus, where the prosecutor makes an improper comment concerning the appellant’s character, although it be error, it does not require reversal if the entire record, under the totality of the circumstances, supports the conviction. In Nicks v. State, 521 So.2d 1018, 1023 (Ala.Crim.App.1987), aff'd, 521 So.2d 1035 (Ala.1988), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988), the appellant contended that the prosecutor’s reference to him as a “bad person” required a reversal of his conviction. This Court stated, “[a]s-suming that this was a characterization of appellant as a ‘bad person,’ it was not unsupported by the evidence and, while perhaps improper, was not fundamental error requiring reversal.” 521 So.2d at *882 1023. This Court further stated, “[w]e are not dealing here with a case where the evidence is slight; in fact, the evidence of guilt is strong and convincing. We do not believe that error was demonstrated in this particular case.” Id. Moreover, “ ‘[t]he trial judge is in a better position than an appellate court to determine whether the remark was so prejudicial as to be ineradicable.’ Wilson v. State, 428 So.2d 197, 200 (Ala.Crim.App.1983); Averette v. State, 473 So.2d 631 (Ala.Crim.App.1985).” Britain v. State, 533 So.2d 684, 686 (Ala.Crim.App.1988) (wherein the prosecutor stated of the appellant that he was “a lot better thief than he is at giving legal advice” in a case involving a theft by deception, and this Court held that both inferences were supported by the evidence and that “there is no evidence indicating that the comments influenced the findings of the jury.” Id. at 686.).
In the present case, there was strong evidence to support Harris’s conviction. An agent with the Conecuh County Sheriffs Department and a confidential informant engaged in an undercover purchase of crack cocaine from Harris, using a marked $20 bill and wiring devices. The taped transaction was played for the jury. The confidential informant, the agent, and one of the monitoring officers all testified concerning the transaction. Although the prosecutor referred to Harris as “a big dope dealer” and indicated that his dealings were the reason for certain gentlemen in the courtroom, there was already evidence before the jury from the agent involved in the drug buy that she was working with a confidential informant because “they normally help you with the people that they are involved with as far as buying drugs from [sic.]” Moreover, the witness stated that her intention that night was “[t]o seek individuals who were selling narcotics.” Thus, the idea that Harris was a drug dealer was already before the jury.
In light of the overwhelming evidence of Harris’s guilt, and when viewed in context of the entire record, although the prosecutor should not have made the improper statements, this error was not reversible. Rule 45, Ala.R.App.P. Moreover, the trial court was in a better position than this Court on appeal to evaluate the comments and their impact on the jury.
II.
In Ex parte Harris, the Alabama Supreme Court also held that the chain-of-custody issue was preserved for purposes of appeal. The Court held that Harris’s objections to the predicate for admission of the crack cocaine evidence preserved his chain-of-custody argument for appeal. Harris argues that the State failed to account for the cocaine’s whereabouts for the five-day period between the receipt of the crack cocaine by the commander of the drug task force for the City of Brewton and the time the commander turned it over to the laboratory. However, the commander testified that he tested the crack as soon as he received it, using a Nacro Pouch field kit. He then stated that he submitted the crack to the laboratory in Mobile five days later, which time period, he testified, was not unusual. He further stated that the crack was still in rock form when submitted, and was in a bag and “Randolph Harris’ name, State of Alabama” and the case numbers were on the bag. He stated that he handed the evidence over to Kelly Cannon, one of the lab technicians.
Any objection by Harris on this ground addresses a weak link and thus goes to the weight of the evidence. “Any weaknesses in the foundational showing, insufficient to call for exclusion, go to the weight that the trier of fact is to give the evidence.” Com *883 mentary to Rule 901, Ala.R.Evid. See also Ex parte Kennedy, 690 So.2d 1222, 1224 (Ala.1996).
Based on the evidence presented by the State concerning the chain of custody, the trial court properly overruled Harris’s objection and allowed the jury to consider and weigh the evidence of the crack cocaine.
For the foregoing reasons, the judgment of conviction by the trial court is due to be affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.