COBB, Judge,
concurring in part and concurring in the result.
I concur in the majority’s resolution of Issue II in its unpublished memorandum. I write specially to address Issue I because I believe that William Young’s claim on appeal was preserved by the objection he made at trial.
Young argues that the trial court erred when it permitted Officer Crawford to testify that he knew Young when he stopped him on the morning of the crime because he had been a corrections officer at the jail where Young had previously been incarcerated. Young argues that the testimony was inadmissible as evidence of prior bad acts and that it was irrelevant and prejudicial. The majority holds that Young did not raise those specific grounds of objec *1109 tion at trial, and further, that the specific objection Young did make at trial waived the grounds he now raises. I do not agree that Young failed to preserve those grounds of objection for review.
The Alabama Supreme Court has stated that the purpose of an objection is to put the trial court on notice of a perceived problem:
“The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury. Jennings v. State, 588 So.2d 540, 541 (Ala.Cr.App.1991). In Jennings, the Court of Criminal Appeals held that the objection, ‘Improper predicate,’ coupled with the further response, ‘That is improper. That is not the correct way to do that,’ was sufficient to put the court on notice that the alleged error was the impeachment of the defendant with evidence of prior convictions. 588 So.2d at 541-42. In Ex parte Garrett, 608 So.2d 337, 338 (Ala.1992), we held that an evidentiary issue was properly preserved for review; the defendant had made only a general objection when the evidence was offered, but had later renewed the objection, stating further, ‘The chain of custody was not proven through Bob Williamson to Mark Cruise.’ As Judge Taylor stated in his dissent from the memorandum affir-mance in this case, ‘Defense counsel should not have to direct his opponent’s mind to the correct law the way one would thrust a beagle’s nose on a rabbit trail.’ Works v. State, 640 So.2d 1056 (Ala.Cr.App.1993) (Taylor, J., dissenting).”
Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994).
Alabama law has never required objections to comply with a strict set of technical niceties. Rather, we have reviewed issues preserved by a variety of less-than-perfectly-articulated objections when it was clear that the trial court understood the basis of the objection. See Toles v. State, 854 So.2d 1171, 1173-74 (Ala.Crim.App.2002), and cases cited therein.
In this case, after the police officer testified on cross-examination by defense counsel that he knew Young before the day of the crime, the prosecutor argued to the court that defense counsel had “opened the door” for the State to inquire about how the officer knew Young. When the trial court asked defense counsel for his position on the additional inquiry, defense counsel stated that the question might become moot if he elected to have Young testify in his own defense. The trial court noted, “It may not. I expect this officer knows more about him than just those three arrests. Does he?” (R. 110.) The officer then stated to the court that he knew Young when he was incarcerated at the jail when the officer was employed there. Defense counsel then stated that his prior questioning had not opened the door to the additional testimony the State intended to offer. The trial court overruled the objection. When the officer was questioned by the prosecution about how he knew Young, defense counsel objected and the trial court stated, “I will allow you to assign all the grounds mentioned previously.” (R. 113.)
It is clear to me that defense counsel’s objections to the officer’s testimony were related to the fact that the testimony would indicate that Young had engaged in prior criminal activity that had led to his incarceration, and that this testimony was irrelevant and prejudicial. In noting that counsel would be allowed to “assign all the grounds mentioned previously,” the trial court clearly understood defense counsel to be objecting on the grounds now raised. *1110 Accordingly, I would hold that Young’s objection was sufficient to preserve the claims now raised for review.
I agree with the majority’s further determination that the alleged error was harmless, however, because Young testified that he had been incarcerated in the jail. Therefore, I concur in the result reached by the majority as to this issue,